[Civ. No. 22961. Fourth Dist., Div. One. Dec. 18, 1981.]

DAVID M. LONG, Plaintiff and Appellant, v.
JERRY M. PINTO, Defendant and Respondent.

**COUNSEL**

John N. Learnard for Plaintiff and Appellant.

Solomon, Ward, Seidenwurm, Ravin & Smith, William W. Ravin and Craig H. Johnson for Defendant and Respondent.

OPINION

LEVITT, J.*—David M. Long, plaintiff, appeals a superior court order of summary judgment in favor of defendant, Jerry M. Pinto, in a suit for libel, interference with contract and interference with prospective economic gain.

In early 1976, Dr. Long applied for staff privileges at Mercy Hospital. In July the hospital's surgical supervising committee denied the application. Long appealed the decision. The appeal prompted the supervising committee to form a judicial review committee (Committee) to look into Long's professional qualifications. The inquiry included a review of files on Long held at other hospitals where he already had staff privileges. Long consented to the review process.

Pinto, a surgeon, was appointed by the Committee to review Long's files at Alvarado Hospital. Concerned over information uncovered by his review, Pinto sent a letter on May 20, 1977, to the Board of Medical Quality Assurance (BMQA) a state agency responsible for reviewing the performance of doctors licensed to practice in California. In the letter, Pinto called attention to what he felt was a large number of unnecessary operations performed on elderly rest home patients. He claimed such surgical activity should never have been allowed by the hospital's surgical supervising committee. The letter implicates, but does not name, Long as the doctor who performed the operations. Pinto sent a copy of the letter to the board of directors at Alvarado Hospital.

■ There is no doubt the letter to BQMA is absolutely privileged. BMQA is an administrative agency responsible for the "quality of medical practice carried out by physician and surgeon certificate holders under the jurisdiction of the board." (Bus. & Prof. Code, §§ 2001; 2004, subd. (e).) Pinto's letter was sent to prompt board action and was thus part of an official proceeding (*King* v. *Borges* (1972) 28 Cal. App.3d 27, 34 [104 Cal.Rptr. 414]). A publication made in any legislative, judicial or other official proceeding authorized by law is absolutely privileged (Civ. Code, § 47, subd. 2; *Ascherman* v. *Natanson* (1972) 23 Cal.App.3d 861, 865 [100 Cal.Rptr. 656]).

*Assigned by the Chairperson of the Judicial Council.

The sole issue on appeal is whether the copy of the letter sent to the board of directors at Alvarado Hospital (a private facility) was absolutely privileged. We hold it was.

A hospital with more than five physicians is required to be self-governing and have procedures for assessment of the competence and worthiness of its medical staff (Bus. & Prof. Code, § 2392.5, now § 2282). *Goodley* v. *Sullivant* (1973) 32 Cal.App.3d 619 [108 Cal.Rptr. 451], held publications made in relation to such procedures were absolutely privileged (*id.* at p. 625; accord *Westlake Community Hosp.* v. *Superior Court* (1976) 17 Cal.3d 465, 481-482 [131 Cal.Rptr. 90, 551 P.2d 410]).

Long contends, however, no privilege exists as there was no request for the copy of the letter by any official or quasi-judicial body and no investigation of any nature was underway at Alvarado. A communication designed to prompt action is as much a part of the "official proceeding" as a communication made after the proceedings have commenced (*King* v. *Borges, supra*, 28 Cal.App.3d 27, 34; accord *Martin* v. *Kearney* (1975) 51 Cal.App.3d 309, 322 [124 Cal.Rptr. 281]).

Long next contends *Hackethal* v. *Weissbein* (1979) 24 Cal.3d 55 [154 Cal.Rptr. 423, 592 P.2d 1175], which overruled *Goodley* on the question of Civil Code section 47, subdivision 2's applicability to private hospital committees, should apply here retroactively.

As a general rule, a Supreme Court decision overruling a former decision is retrospective in its operation (*County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680-681 [312 P.2d 680]). However, an exception to this rule is recognized when considerations of fairness and public policy preclude full retroactivity (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 850 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164]). The issue of "fairness" turns primarily on two factors: the extent of public reliance on the former rule and the ability of litigants to foresee the change in the law (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 193 [98 Cal.Rptr. 837, 491 P.2d 421]).

The purpose of section 47, subdivision 2 is to allow free and open access to those tribunals charged with controlling unethical or illegal activity. The importance of unabashed input into investigations

outweighs the occasional harm which may befall a defamed individual (*King* v. *Borges, supra*, 28 Cal.App.3d 27, 34). When Pinto sent the letters he was immune from liability for libel under interpretations of the statute by both the appellate (*Goodley* v. *Sullivant, supra*, 32 Cal. App.3d 619, 625) and Supreme (*Westlake Community Hosp.* v. *Superior Court, supra*, 17 Cal.3d 465, 481-482) Courts. Once a publication is protected by an absolute privilege, it must remain so despite later changes in the law. Otherwise the policy of encouraging candid testimony would be undermined.

Both *Goodley* and *Westlake* are unanimous decisions. They are consistent with the language, purpose and past judicial interpretations of Civil Code section 47, subdivision 2. (See *Hackethal* v. *Weissbein, supra*, 24 Cal.3d 55, 61 (dis. opn. of Tobriner, J.).) Moreover, they have been confirmed by an amendment to Civil Code section 47, subdivision 2 added shortly after the decision in *Hackethal*. The amendment states a publication is privileged if made in the initiation or course of any other proceeding authorized by law and reviewable pursuant to a petition for writ of mandate. Proceedings by a private hospital as to the fitness of a staff doctor are reviewable under such a writ (*Applebaum* v. *Board of Directors* (1980) 104 Cal.App.3d 648, 656 [163 Cal.Rptr. 831]).

The letter to the hospital board was absolutely privileged. This was the law relied upon at the time the letter was published and the later *Hackethal* decision is not binding.

Long finally contends a question of fact exists as to whether the copy was sent as initiation of an action by an official administrative agency or an actionable defamation. The doctrine of privileged communications rests upon public policy, one purpose being to promote the unfettered administration of justice even though as an incidental result it may in some instance provide an immunity to the evil-disposed and malignant slanderer (*Abbott* v. *Tacoma Bank of Commerce* (1899) 175 U.S. 409, 411 [44 L.Ed. 217, 218, 20 S.Ct. 153]). ■ Although defamatory publications made in the course of a judicial proceeding are absolutely privileged even if made with actual malice, that absolute privilege is afforded only if the following conditions have been met: the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) *was made to achieve the objects of the litigation*; and (4) involved litigants or other participants authorized by law (*Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818, 824-825 [106 Cal.Rptr. 718]). These requirements attach with

equal force to other official proceedings authorized by law (*Royer v. Steinberg* (1979) 90 Cal.App.3d 490, 503-504 [153 Cal.Rptr. 499]). The purpose of the privilege is to allow free access to the courts and should be liberally construed (*Thornton v. Rhoden* (1966) 245 Cal. App.2d 80, 87 [53 Cal.Rptr. 706, 23 A.L.R.3d 1152]). To allow Long to proceed with this cause of action would substantially defeat the purpose of the privilege and create an unnecessary chilling effect upon physicians and others who are desirous of upholding professional qualifications and protecting the public.

The order is affirmed.

Wiener, Acting P. J., and Work, J., concurred.