[Civ. No. 24305.   Second Dist., Div. Three.   Aug. 29, 1960.]

RUTH ELIZABETH HARMON, Respondent, v.
FRANCIS L. HARMON, Appellant.

Francis L. Harmon, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Norman L. Epstein, Deputy Attorney General, for Respondent.

VALLÉE, J.—This is a companion case to *Harmon* v. *Harmon, ante,* p. 245, 2d Civ. No. 24322.

In a proceeding under the Uniform Reciprocal Enforcement of Support Act an order was made on May 17, 1956, directing defendant to pay specified amounts for the support of his minor child. On appeal the order was affirmed. On the going down of the remittitur defendant moved the court for an order dismissing the proceeding. The motion was denied. That order is the subject of the appeal in the companion case, 2d Civ. No. 24322.

After the reporter's transcript in the latter appeal had been prepared, defendant requested corrections. Included in the request was one that all argument made on the hearing of the motion to vacate the order of May 17, 1956, be included in the reporter's transcript. The court granted some of the requests but denied the request that all argument be included. Defendant has appealed from that part of the order denying his request that all argument be included in the reporter's transcript.

The order is not appealable. It is an order made after judgment. In order that a special order made after judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution. (*Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627, 632 [150 P.2d 881].) "It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him." (*Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 119 [199 P.2d 668]; *McCord* v. *Plotnick,* 104 Cal.App.2d 495, 496 [231 P.2d 880].) *People* v. *Gross,* 44 Cal.2d 859 [285 P.2d 630], holds that an order denying a motion to correct and amend a clerk's transcript is not appealable. *Cross* v. *Tustin,* 37 Cal.2d 821 [236 P.2d 142], holds that orders denying motions to vacate and amend a settled statement of oral proceedings are nonappealable. *McCord* v. *Plotnick, supra,* 140 Cal.App.2d 495, holds that an order denying a motion that the reporter's transcript be amended by striking certain words from an answer of a witness and inserting other words in lieu thereof is not appealable as a special order made after final judgment within the purview of Code of Civil Procedure, section 963, subdivision 2,

since the order affects neither the judgment nor its enforcement nor the stay of its execution and does not direct the payment of money by defendants or the performance of an act by them. (Also see *Spear* v. *Board of Medical Examiners,* 146 Cal.App.2d 207, 215 [303 P.2d 886].)

The order denying the request that all argument be included in the reporter's transcript is but an order in an ancillary or procedural matter in connection with the preparation of the record on appeal. The making of the order neither added to nor subtracted from the relief granted by the judgment. Since the order appealed from affects neither the judgment nor its enforcement, nor stays its execution, and does not direct the payment of money by defendant or the performance of any act by or against him, it is not a special order after judgment and is therefore not an appealable order.

Appeal dismissed.

Shinn, P. J., and Ford, J., concurred.