[Civ. No. 19712.   First Dist., Div. Two.   Jan. 15, 1962.]

HUMANE SOCIETY OF THE UNITED STATES OF AMERICA, CALIFORNIA BRANCH INC., Plaintiff and Appellant, v. MALCOLM H. MERRILL, M.D., as State Director of Public Health, Defendant and Respondent.

Pray, Price & Williams, Pray, Price, Williams & Deatherage for Plaintiff and Appellant.

Stanley Mosk, Attorney General, Wiley W. Manuel, Robert L. Bergman and Elizabeth Palmer, Deputy Attorneys General, for Defendant and Respondent.

AGEE, J.—Petitioner appeals from a judgment entered upon the sustaining of respondent's general demurrer to its petition for writ of mandate. Petitioner is a nonprofit corporation. Respondent is the Director of Public Health, ex-officio member of the State Board of Public Health, and the executive officer of the State Department of Public Health.

On October 26, 1959, petitioner caused to be filed with respondent a verified complaint charging the College of Medical Evangelists, a nonprofit educational corporation, with

violations of certain provisions of the California Administrative Code pertaining to the care and treatment of laboratory animals.

The complaint is attached to the petition and is made a part thereof. It recites that the college maintains a laboratory and that animals are kept there and used for diagnostic and research purposes; that a certificate of approval permitting such use had been issued to the college under the provisions of section 1667 of the Health and Safety Code and rules prescribed by the Board of Public Health; it then alleges purported instances of mistreatment of dogs used by the laboratory and requests that the board permanently revoke the certificate of approval.

The complaint is titled ''Complaint'' and commences with the following: ''Now comes the Complainant and pursuant to the State of California Health and Safety Code Section #1668 and the State of California Administrative Code, Title 17, Article 1159, hereby alleges: . . .'' Petitioner now claims that this complaint was also filed in accordance with section 11503 of the Government Code. We do not agree. This point will be discussed later.

Section 1668 of the Health and Safety Code provides: ''The board may, upon its own motion, and shall upon the verified complaint in writing of any person, investigate the actions of any person keeping or using animals for research or diagnostic purposes within this State, and it may temporarily suspend or permanently revoke a certificate of approval at any time where the holder of such a certificate, within the immediately preceding three years, while a holder of a certificate of approval, in performing or attempting to perform any of the acts within the scope of this chapter, has been guilty of the breach of any of the provisions of this chapter or of any reasonable rule or regulation adopted by the board for the purpose of carrying out the provisions of this chapter. The board may promulgate and adopt reasonable rules and regulations concerning the procedure for the drafting, filing and disposition of verified complaints of individuals. Procedure for revocation or suspension of approval shall be in accordance with the provision of the Administrative Procedure Act Government Code, Title 2, Division 3, Part 1, Chapter 5,[1] and the department shall have all the powers granted therein.''

[1]Government Code § 11500 et seq.

Section 1159, title 17, California Administrative Code provides: "Anyone who files a complaint to the department [State Department of Public Health] against an individual, or person, violating this law shall supply in writing specific information regarding the alleged violation, or violations. Such complaint shall include the time, date, place, individual, or person involved; and the names of other witnesses who may be called to testify. This statement must be in the form of a sworn affidavit and must be notarized." Section 1150 of the same title and code provides that "person" shall include a laboratory or an educational institution.

The complaint fully complied with the foregoing quoted provisions. The board thereupon appointed a medical doctor to conduct the investigation. His detailed written report, covering each of the 14 specifications alleged in the complaint, was received and considered by the board. The board thereupon adopted the recommendation of the investigator and resolved that it would not initiate proceedings for the suspension or revocation of the college's certificate of approval.

Petitioner states in its brief: "Appellant [petitioner] has no argument with the manner in which the investigation was conducted and in no way claims that the investigation should be conducted in accordance with the Administrative Procedure Act." ▮▮ The board was empowered under the provisions of the last sentence of section 1668 of the Health and Safety Code to initiate proceedings under the provisions of the Administrative Procedure Act but it was not required to do so. (See *Spear* v. *Board of Medical Examiners,* 146 Cal.App.2d 207 [303 P.2d 886] ; *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 326 [253 P.2d 659].) Appellant agrees with this, stating that: "Appellants [*sic*] are not attempting to compell [*sic*] the Respondent to come to any decision one way or the other on their investigation. All they ask is that the Respondent comply with Health and Safety Code Section 1668 and/or Government Code Section 11503."

The Administrative Procedure Act, now more properly titled as "Administrative Adjudication," consists of sections 11500 to 11528 of the Government Code. Section 11503 thereof provides: "A hearing to determine whether a right, authority, license or privilege should be revoked, suspended, limited or conditioned shall be initiated by filing an accusation. The accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omis-

sions with which the respondent is charged, to the end that the respondent will be able to prepare his defense. It shall specify the statutes and rules which the respondent is alleged to have violated, but shall not consist merely of charges phrased in the language of such statutes and rules. The accusation shall be verified unless made by a public officer acting in his official capacity or by an employee of the agency before which the proceeding is to be held. The verification may be on information and belief.''

The position of petitioner is that, after the investigation and the action of the board thereon, as provided in section 1668 of the Health and Safety Code, it is required by the last sentence of said section that a formal hearing be held under the provisions of the Administrative Procedure Act, using the verified complaint filed under said section 1668 as the ''accusation'' prescribed by section 11503 of the Government Code.

The Legislature never contemplated such dual use. Section 1668 was enacted in 1951. The Administrative Procedure Act was enacted in 1945. The Legislature therefore had in mind the distinction between a formal hearing as provided for in the latter and a ''complaint'' which was for the purpose of triggering an investigation prior to the commencement of any formal adjudicating proceeding. The verified complaint provided for in section 1668 is not an ''accusation'' as contemplated by the Administrative Procedure Act. If this were not so, the Legislature would not have said that the procedure for the drafting, filing and disposition of verified complaints was to be determined by the board. This is in clear distinction to an accusation, where the procedure for disposition is provided for in the Administrative Procedure Act itself. The board did adopt a rule as to a complaint under section 1668 and, in doing so, demonstrated the distinction by requiring the complaint to name the probable witnesses, whereas an accusation does not so require. Also, a complaint need not state the rule or statute which is claimed to have been violated, whereas an accusation does. (*Cf.* 17 Cal. Adm. Code, § 1159 and Gov. Code, § 11503.)

It is true that in the instant case the complaint of petitioner contains all of the matters required to be alleged in an accusation. However, we do not think that this means that such complaint must therefore be treated as an accusation.

One of the obvious purposes of the Legislature in pro-

viding for an investigation of charges made against those who keep or use animals for research or diagnostic purposes was to aid and assist the board in determining whether a formal hearing should be held. If the board decides that sufficient cause has been shown, it can then, as provided by the last sentence of section 1668, initiate proceedings under the Administrative Procedure Act. If it decides not to so act, then the complainant may proceed to file an accusation under section 11503 of the Government Code.

There is another possibility. The complainant may be satisfied with the fairness and completeness of the investigation and decide not to proceed further. In the instant case the investigation was made by a medical doctor and his report consumes 14 single-spaced typewritten pages in the transcript. He finds but one violation, that of failing to display in a prominent place the certificate of approval issued by the board to the college. (Health & Saf. Code, § 1667.)

It does not necessarily follow that a complainant would always desire to go ahead in such a situation. On the other hand, if the complainant desires to do so it may file an accusation under the provisions of section 11503 of the Government Code.[1]

The Attorney General mentions but very commendably does not stress the point that respondent should not be the sole respondent, there being 10 members of the board, all of whom should be parties in this mandamus proceeding.

The judgment is affirmed upon the ground that petitioner has not filed the accusation required by section 11503 of the Government Code and that respondent is under no duty to set a date for the formal hearing provided for by the Administrative Procedure Act until this is done.

Kaufman, P. J., and Shoemaker, J., concurred.

[1]Section 11503 of the Government Code provides: ''The accusation shall be verified *unless* made by a public officer acting in his official capacity or by an employee of the agency before which the proceeding is to be held.'' (Italics added.) Section 11507 of the Government Code further indicates this by the use of the following language: ''At any time before the matter is submitted for decision the agency may file *or permit the filing* of an amended or supplemental accusation.'' (Emphasis added.) This clearly recognizes that third parties other than the agency involved may file an accusation under section 11503. See also California Judicial Council, Tenth Biennial Report, page 12: ''[B]y using the word 'party' to include both respondents and third party complainants who are allowed to act as prosecutors and by specifying what notices shall be given to all parties, it becomes unnecessary to have separate sections or clauses explaining the rights of these complainants.''