[No. B082603. Second Dist., Div. Five. June 15, 1994.]

RHEA E. JOHNSON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MICHAEL GASS, Real Party in Interest.

COUNSEL

Daniel E. Lungren, Attorney General, Robert H. Francis and Joel A. Davis, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Russell Iungerich for Real Party in Interest.

OPINION

ARMSTRONG, J.—Civil Code section 43.8[1] provides civil immunity for a person who communicates information "intended to aid in the evaluation of the qualifications, fitness, character, or insurability of a practitioner of the healing or veterinary arts." In this original proceeding, we hold that section 43.8 bars a malicious prosecution action filed by a psychologist against two individuals who served as expert consultants in connection with disciplinary proceedings before the California Board of Psychology and Board of Behavioral Science Examiners (the Boards).

FACTS AND PROCEDURAL HISTORY

In 1991, the Boards filed disciplinary proceedings against Michael Gass, Ph.D. (plaintiff), a licensed psychologist, clinical social worker and marriage, family and child counselor. The Boards accused plaintiff of failing to

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

warn one of his patients that her husband had threatened to kill her (which he subsequently did), and failing to adequately supervise an apprentice clinical social worker. Petitioners, who are also psychologists, served as expert consultants to the Boards. After disciplinary hearings were conducted, the Boards determined that there was not adequate cause to discipline plaintiff.

In his first amended complaint, to which petitioners unsuccessfully demurred, plaintiff alleges that petitioners, after reading "limited information furnished to them by the Boards," rendered expert opinions to the Boards' enforcement staff in which petitioners "advocated, instigated and encouraged the procurement of the accusations filed against plaintiff GASS by the two Boards even though [petitioners] lacked probable cause for belief that there was a basis for an administrative prosecution against plaintiff GASS." According to plaintiff, petitioners were unfamiliar with the most recent statutory and case law on "standard of care issues relating to a psychotherapist's duty to warn third parties of serious threats of violence by a patient," even though they had held themselves out to be experts in that area.

In their demurrers to the first amended complaint, petitioners argued that plaintiff could not state a cause of action for malicious prosecution because the disciplinary proceedings were filed by the Boards, not petitioners. (*Hogen* v. *Valley Hospital* (1983) 147 Cal.App.3d 119, 125 [195 Cal.Rptr. 5]; *Stanwyck* v. *Horne* (1983) 146 Cal.App.3d 450, 461 [194 Cal.Rptr. 228].) Petitioners also asserted that even if their opinions were instrumental to the filing of the disciplinary proceedings against plaintiff, they were immune from civil liability under section 43.8.

The respondent court, ruling only on the immunity issue, concluded that the immunity provided by section 43.8 was conditional and not absolute. The court overruled the demurrers because the first amended complaint, as pleaded, was sufficient to state a cause of action for malicious prosecution, assuming section 43.8 did not provide absolute immunity.

We conclude the court should have sustained the demurrers, without leave to amend. ■ A demurrer is proper where the complaint fails to state a cause of action (Code Civ. Proc., § 430.10, subd. (e)), or where it discloses a defense that would bar recovery. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial 1 (The Rutter Group 1994) ¶ 7:9.) In the present case, section 43.8 affords petitioners a complete defense to the action. Further, under the rule stated in *Hogen* and *Stanwyck, supra,* plaintiff did not state a cause of action for malicious prosecution.

## DISCUSSION

"The common law tort of malicious prosecution originated as a remedy for an individual who had been subjected to a maliciously instituted criminal

charge, but in California, as in most common law jurisdictions, the tort was long ago extended to afford a remedy for the malicious prosecution of a civil action." (*Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 871 [254 Cal.Rptr. 336, 765 P.2d 498].) In *Hardy* v. *Vial* (1957) 48 Cal.2d 577, 581 [311 P.2d 494, 66 A.L.R.2d 739], the court held that an action for malicious prosecution may be founded upon the institution of a civil proceeding before an administrative agency. The *Hardy* court, relying upon section 680 of the Restatement of Torts, held that "[o]ne who initiates or procures the initiation of civil proceedings against another before an administrative board which has power to take action adversely affecting the legally protected interests of the other, is subject to liability for any special harm caused thereby, if (a) the proceedings are initiated (i) without probable cause to believe that the charge or claim on which the proceedings are based is well founded, and (ii) primarily for a purpose other than that of securing appropriate action by the board, and (b) the proceedings have terminated in favor of the person against whom they are brought." (48 Cal.2d at p. 580.)

*Hogen* and *Stanwyck* placed an additional pleading burden upon the plaintiff in a malicious prosecution case based upon the favorable termination of an administrative proceeding. Those cases held that since it is the administrative body, and not the individual initiating the complaint, which actually files the disciplinary proceeding, a cause of action for malicious prosecution will not lie if the administrative body conducts an independent preliminary investigation prior to initiating disciplinary proceedings.

■ Even if a plaintiff clears these hurdles by artful pleading, however, section 43.8 provides an absolute defense to the action where the requirements of that section have been met. Section 43.8 provides in pertinent part: "In addition to the privilege afforded by Section 47, there shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any person on account of the communication of information in the possession of such person to any . . . professional licensing board or division, committee or panel of such licensing board . . . when such communication is intended to aid in the evaluation of the qualifications, fitness, character, or insurability of a practitioner of the healing or veterinary arts. The immunities afforded by this section and by Section 43.7 shall not affect the availability of any absolute privilege which may be afforded by Section 47."

Section 43.8 was amended in 1990 as part of Senate Bill No. 2375, which implemented a comprehensive reform of this state's system of discipline against medical practitioners. The Legislature declared that the physician discipline system then in effect was "inadequate to protect the health, safety,

and welfare of the people of California against incompetent or impaired physicians." The Legislature further declared that its intent in enacting Senate Bill No. 2375 was to restructure and improve the discipline system of physicians and allied health care professionals by "creating a more expeditious and efficient adjudicatory system and providing it the adequate resources for its performance." (Stats. 1990, ch. 1597, § 1.)[2]

Prior to the enactment of Senate Bill No. 2375, section 43.8 provided for conditional immunity only. The section read in pertinent part: "In addition to the privilege afforded by Section 47, there shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any person on account of the communication of information in the possession of such person to any . . . professional licensing board or division, . . . when such communication is intended to aid in the evaluation of the qualifications, fitness, character, or insurability of a practitioner of the healing or veterinary arts *and does not represent as true any matter not reasonably believed to be true.*" The italicized language was deleted by Senate Bill No. 2375.

The legislative history of Senate Bill No. 2375 supports petitioners' claim that the Legislature intended to make the immunity conferred by section 43.8 absolute rather than conditional. One proponent of absolute immunity was the Medical Board of California, the agency charged with implementing the reformed disciplinary system. In an April 27, 1990, letter to the bill's author, the board's director stated that the objective of deleting the conditional language quoted above was to "[c]onvert a *conditional* immunity to *absolute* immunity." A companion bill, Assembly Bill No. 3563, sponsored by the California Medical Association (CMA), duplicated the immunity language of Senate Bill No. 2375. The CMA's analysis of Assembly Bill No. 3563 set forth in a May 9, 1990 report to the Chairman of the Senate Judiciary Committee, states, "This provision [the proposed amendment to section 43.8] deletes the conditional immunity provisions, thereby making the immunity absolute." It also bears mentioning that the amendment to section 43.8 remained in Senate Bill No. 2375 despite the strenuous objection of the Union of American Physicians and Dentists, which urged that no immunity be granted to persons who "knowingly [provide] false or malicious information."

The court below concluded that section 43.8 provided immunity only to an individual who, in making a report to a licensing board, has a "good faith

---

[2]The legislative history of Senate Bill No. 2375 was provided by petitioners in a separate volume entitled "Motion for Judicial Notice," filed concurrently with the petition. The motion contained only those documents which the Attorney General deemed pertinent to an analysis of the legislative history of section 43.8. At our request, the Attorney General lodged with this court the entire legislative history of Senate Bill No. 2375. Since the legislative history is now complete, the motion for judicial notice is granted. (Evid. Code, §§ 452-453; Cal. Rules of Court, rule 323.)

intention [to aid in the evaluation of qualifications, fitness, character, or insurability of a practitioner of the healing or veterinary arts]." The implication is, in the court's words, "that if it is bad faith, you have got a cause of action." In so construing section 43.8, the court read into section 43.8 the language which the Legislature made a point of deleting when it enacted Senate Bill No. 2375. Moreover, the respondent court's interpretation of section 43.8 is clearly contrary to the primary objective of Senate Bill No. 2375, which specified that "protection of the public shall be the highest priority for the Division of Medical Quality, a medical quality review committee, the Board of podiatric Medicine, and administrative law judges of the medical quality panel." (Sen. Bill No. 2375, Bill Analysis/Enrolled Bill Rep., Dept. of Finance.)

This goal is not served by making the immunity afforded by section 43.8 conditional. Plaintiff is correct in his assertion that the Boards would not have filed the charges against him were it not for the opinions rendered by petitioners. With only a few exceptions, the Boards will not file an accusation unless charges of unprofessional conduct against the practitioner are reviewed by two experts, and those experts advise the Boards that an accusation is warranted.[3] Expert consultants are vital to the Boards' task. Suffice it to say that the threat of being sued for malicious prosecution would deter all but the most fearless experts from serving as consultants to the Boards. Without those experts, the Boards' disciplinary activities would soon grind to a halt.

We therefore hold that where an individual acting as a consultant to a licensing board charged with the evaluation of a practitioner of the healing or veterinary arts renders an opinion that an accusation should be filed against the practitioner, the consultant is communicating information intended to aid in the evaluation of the practitioner's "qualifications, fitness, character, or insurability." If the licensing board files disciplinary charges against the practitioner based upon the opinions provided by the consultant, and the disciplinary proceeding is ultimately resolved in the practitioner's favor, section 43.8 bars the practitioner from filing a malicious prosecution action against the consultant.

■ As an additional ground for their demurrers, petitioners asserted that the first amended complaint did not state a cause of action for malicious prosecution because it was the Boards, not petitioners, who filed the disciplinary proceedings against plaintiff. (*Hogen* v. *Valley Hospital, supra,* 147

---

[3]In his original complaint, plaintiff alleged that petitioners had "rendered opinions to the enforcement staff of the [Boards]" and that the accusations against plaintiff were filed "in reliance upon the 'expert' opinions" of petitioners.

Cal.App.3d 119, 125; *Stanwyck* v. *Horne, supra*, 146 Cal.App.3d 450, 461.) In *Hogen*, a malicious prosecution action by a doctor against two hospitals and another doctor who had provided information leading to disciplinary proceedings against the plaintiff by the Board of Medical Quality Assurance (BMQA), the court held that plaintiff's malicious prosecution action was barred because it was BMQA, not the defendants, which actually initiated the disciplinary proceedings. *Stanwyck* applied the same rule to State Bar proceedings.

Plaintiff contends *Hogen* and *Stanwyck* are factually distinguishable because in *Hogen*, the BMQA file, of which the *Hogen* court took judicial notice, revealed that BMQA conducted its own investigation prior to filing disciplinary charges, and *Stanwyck* involved proceedings peculiar to the State Bar.

Whether or not judicial notice should be taken of the Boards' files is irrelevant to this case, because plaintiff's complaint demonstrates on its face that petitioners were part of an independent investigation conducted by the Boards and the purpose of petitioners' involvement was to aid that investigation. Even if we accept as true plaintiff's allegations that petitioners "instigated" the disciplinary charges against him, the fact remains that it is the Boards themselves which ultimately determined whether the charges should be filed.

### DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of February 14, 1994, overruling petitioners' demurrer to plaintiff's first amended complaint, and enter a new and different order sustaining the demurrer without leave to amend.

Turner, P. J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied July 11, 1994, and the petition of real party in interest for review by the Supreme Court was denied September 8, 1994.