**Mitchell J. PEARCE, DC, MS, L.Ac, Plaintiff–Appellant,**

v.

**Carol ROMEO; James Sharp; Wilbur Bennet; Lydia Zane; Vivien Hersh; Joel Primes; R. Lloyd Friesen, D.C.; Michael Martello, D.C.; Lloyd E. Bo-** land, D.C.; Deborah E. Pate, D.C.; John Bovee; Sharon Ufberg, D.C.; Jeffrey Steinhardt, D.C.; Stephen Foreman, D.C.; Jacalyn Buettner; Craig Missakian; John Deronde, D.C.; Elizabeth Ware; Robert Bourke; Gaylyn Machado; Brett Sullivan, D.C.; Lawrence Mercer; Peter Berman, Ph.D.; Patricia Brickman; Lei Rosa Lee; Vivian Davis; David Bruce Love; Susan Levin; Denine Guy; David Fulton; Robert Yonts, Hon.; Winifred Botha; Richard Alexander; Lynde Scheffer; Yonts & Fulton, Defendants–Appellees.

No. 07–15203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Nov. 3, 2008.

Bruce C. Janke, Esquire, Los Gatos, CA, M. Van Smith, Esquire, San Jose, CA, for Plaintiff–Appellant.

Thomas A. Blake, Deputy Attorney General, Office of the California Attorney General, Frederick Douglas Baker, Partner, Steven D. Wasserman, Esquire, Sedgwick, Detret, Moran & Arnold LLP, William S. Caspari, Esquire, Fortune Drevlow O'Sullivan Cioto, Aaron K. McClellan, Esquire, James A. Murphy, Esquire, Harlan B. Watkins, Murphy, Pearson, Bradley & Feeney, San Francisco, CA, G. Dana Scruggs, III, Esquire, Brown & Scruggs, Santa Cruz, CA, Edward F. Cullen, Esquire, Williams, Pinelli & Cullen, William Faulkner, Esquire, Rebecca Hughes, Esquire, Michael Reedy, Esquire, McManis Faulkner, Bruce C. Funk, Esquire, San Jose, CA, for Defendants–Appellees.

Before: BYBEE and BEA, Circuit Judges, and PRO,* District Judge.

* The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sit-

MEMORANDUM **

Appellant Mitchell J. Pearce ("Pearce") appeals the district court's grant of five motions to dismiss the thirty-one claims in his First Amended Complaint ("FAC") without leave to amend. Pearce concedes the dismissal of count 19 but appeals the dismissal of the other thirty claims, and, alternatively, requests leave to amend. The parties are familiar with the facts and procedural history of the case, and we discuss them only as necessary to explain our decision. This Court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's decisions regarding a motion to dismiss for failure to state a claim, accrual of the statute of limitations, and immunity. *Intri-Plex Techs., Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir.2007); *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). We review a denial of leave to amend for abuse of discretion. *Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1072 (9th Cir.2008). We may affirm the district court's dismissal on any ground supported in the record. *Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 691 (9th Cir.2005).

**A. Statute of Limitations (Counts 1–5, 7, 9, 11–13, 15–18, 20–21, 23–24, 29–30)**

▮ Pearce's claims under 42 U.S.C. § 1983 are governed by a one-year statute of limitations. *Maldonado v. Harris,* 370 F.3d 945, 954–55 (9th Cir.2004). "[U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & County of San Francisco,* 535 F.3d 1044, 1048 (9th Cir.2008) (quotation omitted). An injury from an

illegal search and seizure accrues when the act occurs. *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir.1983) (per curiam). For a § 1983 conspiracy claim, accrual is determined by the "last overt act doctrine," under which "injury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy." *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir.1986) (alterations and quotations omitted).

Under California law, "[a] cause of action accrues when the claim is complete with all of its elements." *Slovensky v. Friedman,* 142 Cal.App.4th 1518, 49 Cal. Rptr.3d 60, 68 (2006). The discovery rule postpones accrual until "the plaintiff discovers, or has reason to discover, the cause of action." *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 83 (1999). The parties agree the statute of limitations for counts 4 and 5 under California state law is one year.

The statute of limitations for a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., is four years. *Pincay v. Andrews,* 238 F.3d 1106, 1108 (9th Cir.2001). Under the "injury discovery" rule, the limitations period begins to run when all elements of a RICO claim exist and the plaintiff knows or should know he has been injured. *Grimmett v. Brown,* 75 F.3d 506, 512 (9th Cir.1996). The plaintiff need not have discovered these acts were part of a pattern of racketeering activity for his claim to accrue. *Id.* at 510.

Because Pearce filed his original Complaint on August 19, 2002, the statute of limitations bars all § 1983 claims and California state law claims that accrued prior to August 19, 2001. The statute of limitations also bars any of Pearce's RICO ac-

ting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions that accrued prior to August 19, 1998.

The district court held the statute of limitations barred count 1 because the FAC alleges Pearce discovered Carol Romeo ("Romeo") fabricated evidence in April 2001. We agree.

As to counts 2, 3, 4, and 5, even if Pearce did not know the full extent of Romeo and James Sharp's ("Sharp") deceit until 2002, he knew the search, which forms the basis of his assault, battery, and constitutional violations, occurred in 1995. Indeed, the FAC alleges Pearce's attorney complained about the search in 1995. Thus, counts 2, 3, 4, and 5 are untimely.

Count 7 also is untimely because the FAC alleges facts showing Pearce knew Brett Sullivan's ("Sullivan") report was fabricated by at least 1997. Under a conspiracy analysis, the last overt act was the report's concealment. Because the report was presented to Pearce by 1997, count 7 is time barred.

The FAC alleges Pearce subpoenaed Sharp twice for Sharp's report in 1996 and 1998, he learned Sharp destroyed the file by 1998, and he received a report of Lynde Scheffer's ("Scheffer"), Patricia Brickman's, and Lezlie Morrow's claims in 1995. Pearce therefore had reason to know of his injury from these fabrications by at least 1998. Thus, the statute of limitations bars counts 9, 11, 13, 15, 17, and 20. Counts 12 and 16 are also time barred because Pearce received Sharp's report with the fabricated testimony in 1995 and no overt act occurred within the limitations period.

The district court held the statute of limitations barred count 18 because both the § 1983 and California defamation statutes of limitations are one year and the newspaper articles appeared in 1995. We agree.

As to count 21, although Pearce may not have known that Romeo wrote to Adminis-trative Law Judge Jonathon Lew falsely claiming Pearce intimidated a witness, Pearce was aware of his injury in 1998 when the guard was present at the Chiropractic Board hearing. Thus, count 21 is time barred.

Pearce had reason to know of his injury from Peter Berman's ("Berman") false report when it was presented at the California State Board of Chiropractic Examiners ("Chiropractic Board") hearing. Because this occurred before August 19, 2001, counts 23 and 24 are time barred.

With respect to count 29, the allegedly coordinated effort to assert false claims against Pearce and to revoke his license based on these false claims, coupled with perjured testimony at the license revocation hearings, gave Pearce actual or constructive notice of his injury to begin the limitations period by at least March 1998. Thus, count 29 is time barred. Count 30 also is barred because the FAC alleges Pearce obtained Sullivan's original report in March 1997, and thus he would have learned of his injury from the alleged fabricated evidence in 1997.

Pearce argues his § 1983 claims are malicious prosecution claims and thus these claims did not accrue until the hearings on Pearce's chiropractic and acupuncture licenses terminated in his favor. Because Pearce did not argue this below and did not clearly make the argument until his reply brief, we decline to consider it. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir.2004). Moreover, these claims are not malicious prosecution claims on the face of the FAC.

Additionally, we reject Pearce's argument that the Court should adopt *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to delay accrual of his § 1983 and RICO claims until the license hearings terminated in Pearce's favor. Pearce presents no authority sug-

gesting *Heck* applies outside the context of a prisoner's collateral attack on a criminal conviction or sentence. Finally we reject Pearce's arguments that equitable tolling is appropriate for any of these claims.

### B. Malicious Prosecution Claims (Counts 6, 8, 10, 14, 26)

■ To establish a malicious prosecution claim under California law, the plaintiff must plead, among other things, the defendant commenced or continued the underlying action. *Zamos v. Stroud,* 32 Cal.4th 958, 12 Cal.Rptr.3d 54, 87 P.3d 802, 807 (2004). However, where a statutorily empowered administrative board conducts an independent investigation to determine whether to act on a third party's allegation, the third party no longer is the initiator of charges subsequently pursued by the board. Instead, the relevant state board is the initiator of charges and the third party therefore cannot be liable for malicious prosecution. *See, e.g., Rodas v. Spiegel,* 87 Cal.App.4th 513, 104 Cal. Rptr.2d 439, 444 (2001) (complainant not liable for malicious prosecution where board empowered to investigate and make independent decision on whether to initiate proceedings); *Hogen v. Valley Hosp.,* 147 Cal.App.3d 119, 195 Cal.Rptr. 5, 7–8 (1983) (complainant not liable for malicious prosecution where board is empowered to conduct independent investigation and plaintiff did not allege that no such independent investigation occurred).

In California, the Chiropractic Board and California Acupuncture Board ("Acupuncture Board") are statutorily tasked with investigating and prosecuting licensing issues, including revocation of such licenses. Cal. Bus. & Prof.Code §§ 1000–4, 1000–10, 4928, 4955. Although Pearce makes a conclusory allegation in the FAC that the Chiropractic Board did not undertake an independent investigation, the FAC alleges the Chiropractic Board hired an investigator and interviewed Gaylyn Machado Stuart and Pearce. Moreover, the FAC alleges the Chiropractic Board instigated proceedings based on its own view that chiropractors should not perform rectal exams or make psychological diagnoses. Because the FAC alleges the Chiropractic Board undertook an investigation and initiated proceedings for its own reasons, we affirm the dismissal of counts 6, 8, 10, and 14.

Pearce fails to make even a conclusory allegation that the Acupuncture Board did not conduct an independent investigation before bringing charges. Further, the FAC contains factual allegations that the Acupuncture Board received a copy of the temporary restraining order against Pearce and ordered an independent psychological examination of Pearce. Absent an allegation that it did not conduct an independent investigation, combined with factual allegations of such an investigation, the Board's decision to initiate proceedings forecloses the malicious prosecution claim against Berman in count 26.

Pearce also argues that if the Court reverses as to count 6 against Richard Alexander ("Alexander"), it also must reverse the district court's grant of Alexander's anti-SLAPP motion under California Code of Civil Procedure section 425.16. Because Pearce fails to state a claim for malicious prosecution, we affirm the district court's grant of Alexander's anti-SLAPP motion to strike.

### C. Absolute Immunity (Count 22)

■ The district court dismissed count 22 because the Chiropractic Board members have absolute immunity. We agree. The Board's actions are within its quasi-judicial, statutory power to revoke licenses, and Pearce does not allege the Board did anything outside of its adjudicative function. *Olsen,* 363 F.3d at 922–23.

### D. Failure to State a Claim (Counts 25, 27–28, 31)

The only overt act alleged in count 25 that occurred within the limitations period was Berman's testimony concerning his allegedly falsified report at the Acupuncture Board hearing. However, Pearce suffered no harm from this testimony because he prevailed at the Acupuncture Board hearing. Further, Pearce alleges no constitutional violation arising out of Berman's testimony at the hearing. *See Thornton v. City of St. Helens,* 425 F.3d 1158, 1168 (9th Cir.2005). Thus, we affirm the dismissal of count 25.

The district court dismissed counts 27 and 28, in part, because these claims merely reiterate counts 1 through 26. We agree.

The district court ruled count 31 against Alexander and Winifred Botha ("Botha")[1] failed to state a claim upon which relief can be granted, relying on *Wagh v. Metris Direct, Inc.,* 363 F.3d 821 (9th Cir.2003), and *Chang v. Chen,* 80 F.3d 1293 (9th Cir.1996). As Pearce correctly points out, this Court overruled *Wagh* and *Chang* in *Odom v. Microsoft Corp.,* 486 F.3d 541, 551 (9th Cir.2007) (en banc).

▌ However, Pearce fails to allege any racketeering activity in count 31. Although the FAC alleges Alexander committed perjury and Botha threatened Pearce with physical injury, neither perjury nor assault is within the type of state law crimes that constitute predicate acts under RICO. *See* 18 U.S.C. § 1961(1)(A)(B). Pearce also fails to plead predicate acts of mail fraud because he does not allege the mailing of perjured documents was done as part of a scheme to defraud, that Botha acted with specific intent to defraud, or that the mailing of the perjured affidavits to Pearce was a step in the fraudulent plot. Count 31 therefore fails to state a claim.

### E. Leave to Amend

Because most of Pearce's causes of action fail as a matter of law, amendment would be futile. Further, the district court previously granted Pearce leave to amend following Alexander's original motion to dismiss, and Pearce amended as to all Defendants. Thus, we conclude the district court did not abuse its discretion in denying Pearce leave to amend. *See Metzler Inv.,* 540 F.3d at 1072.

### F. Motions on Appeal Between Scheffer and Pearce

On appeal, Pearce moves to strike Scheffer's Supplemental Excerpts of Record. Pearce withdrew this motion at oral argument. Scheffer moves for monetary sanctions against Pearce's attorney, Bruce Janke ("Janke"), under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. However, Pearce's claims against Scheffer are not wholly without merit and there is no indication that Janke acted in bad faith. *See Ingle v. Circuit City,* 408 F.3d 592, 595 (9th Cir.2005); *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107 (9th Cir.2002). We therefore deny Scheffer's motion.

The judgment of the district court is **AFFIRMED.**

---

1. Botha and Pearce stipulated to stay their proceedings pending this appeal.