Jo Anne KILAR, Plaintiff—Appellant,

and

Dobbs International Services, as involuntary plaintiff dba Gate Gourmet, Plaintiff,

v.

BLUE CROSS BLUE SHIELD ASSOCIATION, "BCBSA", an Illinois not for profit corporation; Hawaii Medical Service Association, (HMSA), a Hawaii mutual benefit society; Doe Directors and Former Directors, Doe Directors and Former Directors of the HMSA Board of Directors 1–200; Doe BCBSA Owners 2–50; Doe Attorneys and Law Firms 1–100; Doe Accountants and Accountancy Firms 1–100; J.P. Schmidt, in his capacity as Insurance Commissioner of the State of Hawaii; Mark J. Bennett, in his capacity as Attorney General, State of Hawaii; Mark E. Recktenwald, in his capacity as Director, Department of Commerce and Consumer Affiars, State of Hawaii; Russ Saito, in his capacity as Comptroller, Department of Accounting and General Services, State of Hawaii; Georgina Kawamura, in her capacity as the Director of Budget and Finance, State of Hawaii; Kathleen Watanabe, in her capacity as the Director of Department of Human Resources Development, State of Hawaii; John Doe 51–101; Doe Corporations 1–101; Doe Partnerships 1–101; Doe Entities 1–50; Robert P. Hiam; Unidentified Interested Directors 1–100, and Their Employers; Former HMSA Directors and Their Employers, Doe BSBSA Member 2–50; Doe Consultants, Audit/Accountancy Firms 1–100, Defendants—Appellees.

No. 05–15053.

D.C. No. CV–03–00420–SOM/BMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2006.

Decided July 24, 2006.

---

Hunt Floyd & Ing, Pauahi Tower, Koshiba, Agena & Kubota, Honolulu, HI, for Defendants–Appellees.

Before B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

## MEMORANDUM *

Jo Ann Kilar appeals the district court's grant of summary judgment in this ERISA action arising out of Hawaii Medical Services Association's (HMSA) refusal to pay for lung volume reduction surgery to treat Kilar's emphysema. We have jurisdiction over the district court's final judgment. *See* 28 U.S.C. § 1291. We review de novo the grant of summary judgment, and we affirm. *See Boise Cascade Corp. v. United States,* 329 F.3d 751, 754 (9th Cir.2003).

█ HMSA did not act arbitrarily or capriciously [1] when it denied coverage for lung volume reduction surgery because it was an experimental procedure that the policy excluded. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 874–75 (9th Cir.2004) (stating that a discretionary determination is an abuse of discretion "only when it is arbitrary and capricious"). The plan excluded "experimental or investigative" treatments which it defined as procedures

Stephen M. Shaw, Esq., Honolulu, HI, for Plaintiff—Appellant.

John T. Komeiji, Esq., Watanabe Ing & Kawashima, Honolulu, HI, for Plaintiff.

Peter W. Olson, Cades, Schutte, Fleming & Wright, Paul Alston, Thomas E. Bush, Esq., Dianne W. Brookins, Alston

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because Kilar's plan unambiguously granted HMSA the discretion to determine her eligibility for coverage and to construe the terms of the plan, we review HMSA's coverage decision for an abuse of discretion. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004); *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1088–89 (9th Cir.1999). HMSA would still prevail, however, if we reviewed its coverage decision de novo. Kilar does not dispute the key fact against her that, at the time she sought coverage, the National Emphysema Treatment Trial Research Group was studying lung volume reduction surgery to determine its safety and efficacy.

that are "the subject of" phase I, II, or III trials, or "otherwise under study" to determine "its maximum tolerated dose, its toxicity, its safety, its efficacy or its efficacy as compared with a standard means of treatment or diagnosis." When Kilar requested coverage for lung volume reduction surgery in August 2001, the National Emphysema Treatment Trial was testing the safety and efficacy of lung volume reduction surgery in emphysema patients. On October 11, 2001, while HMSA was considering Kilar's coverage request, preliminary results from the Trial were published in the New England Journal of Medicine. The preliminary report stated that the study was continuing and that final results would be reported once the trial was completed. The preliminary results from the trial indicated that patients who met two criteria were unlikely to benefit from lung volume reduction surgery and had a high risk of death from the procedure. Kilar satisfied both of the exclusionary criteria the study identified.

 Killar also appeals the district court's dismissal of the claims she asserted along with her ERISA coverage claim. We review de novo and affirm. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 937 (9th Cir.2003). Kilar did not establish a prima facie case to support her RICO claims. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (holding that a prima facie RICO case must articulate "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity"); *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1111 (9th Cir. 2003) (holding that a RICO plaintiff must articulate the existence of an enterprise beyond that which was inherent in the alleged racketeering activity, and the mechanisms for controlling and directing

the enterprise on an on-going basis). Kilar's non-coverage ERISA claims were properly dismissed because HMSA was not the plan administrator and therefore did not have a duty to tell her about the plan's remedy restrictions. *See Moran v. Aetna Life. Ins. Co.*, 872 F.2d 296, 299 (9th Cir.1989). Kilar's state law fraud and tort claims are preempted because they relate to her ERISA plan and fall within ERISA's exclusive remedial scheme. *See Aetna Health*, 542 U.S. at 214–15, 124 S.Ct. 2488 (holding that state actions to recover benefits are preempted even if they are: (1) tort claims, (2) based on an external state statutory duty; and (3) non-duplicative of ERISA remedies).

The judgment of the district court is

**AFFIRMED.**