**Michael J. MAJOR, Plaintiff— Appellant,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE; et al., Defendants—Appellees.**

**No. 05–36118.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Michael J. Major, Anacortes, WA, pro se.

Richard A. Latterell, Esq., John A. Nolet, Esq., DOJ—U.S Department of Justice, Tax Division, Washington, DC, for Defendants–Appellees.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Michael J. Major appeals pro se from the district court's judgment dismissing his action for injunctive relief and damages against the Internal Revenue Service and its employees for actions associated with the collection of federal taxes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Steel v. United States,* 813 F.2d 1545, 1548 (9th Cir.1987) (dismissal based on sovereign immunity); *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004) (dismissal of *Bivens* action); *Wagh v. Metris Direct, Inc.,* 348 F.3d 1102, 1106 (9th Cir.2003) (dismissal for failure to state a claim). We affirm.

The district court properly dismissed Major's damages claims against the IRS based on sovereign immunity. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.1985) (a suit against IRS employees is essentially a suit against the United States). Additionally, Major's request for injunctive relief was barred by the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a) ("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"); *Sokolow v. United States,* 169 F.3d 663, 664–65 (9th Cir.1999).

The district court properly dismissed Major's claims against individual IRS agents for actions taken to collect taxes because Congress has established a comprehensive statutory scheme for seeking redress in federal tax matters and, contrary to Major's contentions, he failed to properly invoke these administrative remedies. *See* 26 U.S.C. § 7433; *Adams,* 355 F.3d at 1186 ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that *Bivens* relief is unavailable for [a] suit against IRS auditors and officials.").

The district court also properly dismissed Major's RICO claim because he failed to allege the elements of such a claim. *See Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 620 (9th Cir.2004) (holding that a prima facie RICO claim must articulate "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity"); *Wagh,* 348 F.3d at 1111–12 (holding that a RICO plaintiff must articulate the existence of an enterprise beyond that which was inherent in the alleged racketeering activity, and the mechanisms for controlling and directing the enterprise on an ongoing basis).

Major's remaining contentions are unpersuasive.

**AFFIRMED.**