Yana HENRIKS, Plaintiff—Appellant,

v.

Louisa MORITZ; Victor Noval; Tania Noval, Defendants—Appellees.

No. 07–55941.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 3, 2008.

Philip D. Dapeer, Esquire, Westlake Village, CA, for Plaintiff–Appellant.

Richard D. Farkas, Esquire, Law Offices of Richard D. Farkas, Sherman Oaks, CA, Louisa Moritz, Law Offices of Louisa Moritz, Los Angeles, CA, Jon H. Freis, Esquire, Law Offices of Jon H. Freis Beverly Hills, CA, for Defendants–Appellees.

Before: BRIGHT,* HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Yana Henriks appeals the dismissal of her Racketeer Influenced and Corrupt Organizations Act ("RICO") complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination whether a party has standing, *Buono v. Norton,* 371 F.3d 543, 546 (9th Cir.2004), and dismissal for failure to state a claim, *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005). We

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review for abuse of discretion the denial of leave to amend. *United States v. Smith-Kline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir.2001). We affirm.

The district court did not err in dismissing Henriks' claim under 18 U.S.C. § 1962(a), for lack of standing because she failed to allege an injury resulting from Defendants' use or investment of racketeering income. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir.1992).

Likewise, the district court did not err in dismissing Henriks' claim under 18 U.S.C. § 1962(b), for lack of standing and failure to state a claim because she failed to allege an injury arising from Defendants' acquisition or control of an interest in a RICO enterprise. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003).

The district court did not err in dismissing Henriks' conspiracy claim under 18 U.S.C. § 1962(d), because she failed to satisfy the pleading requirements for a § 1962(a) or (b) claim. *See id.* at 831.

Finally, the district court did not abuse its discretion in dismissing Henriks' complaint with prejudice because it could not be saved by amendment. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir.2004).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.